# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHARLES CUMMINGS, ON HIS OWN BEHALF AND OTHERS SIMILARLY SITUATED,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-1108-Orl-28KRS**

**LAPEL PINS R US, LLC, STERLING MARKETING GROUP, LLC, RED SHOE INTEGRATED MARKETING, LLC, CARYN SMITH,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration the parties' stipulation for dismissal with prejudice, doc. no. 20.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. The parties have reached a settlement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Id. at 1353.

While the complaint originally asserted collective action allegations, at a hearing held before me on April 27, 2007, counsel for Plaintiff Charles Cummings represented that there were

no other opt-in plaintiffs. Accordingly, I recommend that the collective action allegations be **DISMISSED.**

According to counsel for the parties, and based on the parties' review of materials produced in discovery, Cummings will receive the full amount of compensation under the FLSA to which he alleges he was entitled. Therefore, I conclude that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA. The issue of attorney's fees and costs has been resolved by private agreement between counsel.

Based on the foregoing, I respectfully recommend that the Court approve the settlement, that the motion be **GRANTED**, and that the Court dismiss the case with prejudice, pursuant to the agreement of the parties. I further recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 30, 2007.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

